IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DANIEL SANCHEZ, as Personal Representative
of the ESTATE OF ROSEMARY BECERRA,
Deceased; and DAVID BECERRA, Individually,

    Plaintiffs,                                     Civil No. _____

v.

REDDY ICE CORPORATION, and
CLINTON LEE NORMAN,

    Defendants.

## COMPLAINT

COME NOW Plaintiffs, Daniel Sanchez, as Personal Representative of the Estate of Rosemary Becerra, deceased, and David Becerra, Individually, and file this Complaint against Defendants, Reddy Ice Corporation and Clinton Lee Norman, showing this Honorable Court as follows:

### INTRODUCTION

### PARTIES, JURISDICTION AND VENUE

1.    Plaintiff Daniel Sanchez is the duly appointed Personal Representative of the Estate of Rosemary Becerra, deceased. In that capacity, on behalf of the Estate of Rosemary Becerra and her surviving children and beneficiaries, Eri Becerra, Karina Becerra and Levi Becerra. Mr. Sanchez brings this action for the wrongful death of Rosemary Becerra pursuant to the New Mexico Wrongful Death Act, N.M. STAT. ANN. §41-2-1 (1978), *et. seq.* Individually, David Becerra brings an action for loss of consortium.

2.    Plaintiff Daniel Sanchez is a resident of Santa Fe, New Mexico.

3. Plaintiff David Becerra brings an action for loss of consortium to recover for all damages allowed by law for the loss of his close relationship with his wife, Rosemary Becerra. Mr. Becerra is a citizen and resident of the State of New Mexico.

4. Defendant Norman was the driver of the tractor trailer involved in the subject collision that occurred in New Mexico on October 21, 2013. Defendant Norman is a citizen of Wickett, Texas, and resides at 104 Dooley Road, Wickett, Texas 79787, where he may be served with Process.

5. Defendant Reddy Ice Corporation is a corporation, with its principal place of business in Dallas, Texas, and may be served with Process through its registered agent.

6. At the time of the subject collision, Defendant Clinton Lee Norman was the employee or agent of Defendant Reddy Ice Corporation and was acting within the course and scope of his employment and/or agency.

7. The United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter of this action pursuant to 28 U.S.C. § 1332, as complete diversity of the parties exists and the amount in controversy exceeds $75,000, exclusive of attorney fees, costs and interest.

**GENERAL FACTS**

8. All preceding statements and allegations of the Complaint are incorporated herein by reference and realleged as if expressly set forth verbatim.

9. Defendant Clinton Lee Norman was operating his 2011 Freightliner tractor-trailer rig in the course and scope of his employment as a driver for Defendant Reddy Ice Corporation.

10. Defendant Norman was operating his tractor-trailer late in the morning on October 21, 2013, going northbound on U.S. 285.

11. The road was clear and dry.

12. Defendant Norman was driving straight.

13. Defendant Norman was traveling at an excessive rate of speed heading northbound on U.S. 285.

14. Defendant Norman took his eyes off the road.

15. At the same time, a 2012 Ford pickup truck was stopped on U.S. 285 at the direction of the New Mexico State Police to clear the scene from a previous incident.

16. Defendant Norman failed to maintain a lookout.

17. Defendant Norman disregarded traffic signals.

18. Due to Defendant Norman's excessive speed, failure to maintain a lookout and disregarding the rules of the road, he crashed his tractor-trailer rig into the back of a 2012 Ford pickup truck.

19. Defendant Norman never applied his brakes before crashing into the 2012 Ford pickup truck.

20. Plaintiff Rosemary Becerra was driving the 2012 Ford pickup truck.

21. Plaintiff Rosemary Becerra is married to David Becerra.

22. Plaintiff Rosemary Becerra was the mother of Eri Becerra, Karina Becerra and Levi Becerra.

23. Due to the crash, Plaintiff Rosemary Becerra left the scene of the crash via life flight.

24. Due to Plaintiff Rosemary Becerra's extensive injuries from the collision, she eventually died.

25. Plaintiff Rosemary Becerra experienced extreme fear and distress in the moments leading up to the impact and violent death.

26. Plaintiff Rosemary Becerra experienced severe pain and suffering following the impact until her death.

27. As a result of the collision, Plaintiff suffered fatal injuries, thus giving rise to a wrongful death claim under New Mexico law.

28. As a result of the collision, David Becerra suffered emotional distress, caused by the loss of society, guidance, and companionship he enjoyed with his wife, Rosemary Becerra.

29. As a result of the collision, Rosemary Becerra's children, Eri Becerra, Karina Becerra and Levi Becerra, have suffered emotional distress, caused by the loss of society, guidance, and companionship they enjoyed with their mother, Rosemary Becerra.

**COUNT I:  NEGLIGENCE OF DEFENDANT CLINTON LEE NORMAN AND THE RESULTING WRONG DEATH OF ROSEMARY BECERRA**

30. All preceding statements and allegations of the Complaint are incorporated herein by reference and realleged as if expressly set forth verbatim.

31. Defendant Clinton Lee Norman had a duty to the driving public to operate his vehicle in a safe manner.  Defendant breached this duty and thereby caused the injuries to and death of Rosemary Becerra.

32. Defendant Clinton Lee Norman was negligent in at least the following specific ways:

    (a) Driving recklessly;

    (b) Driving carelessly;

    (c) Failing to maintain a proper and diligent lookout;

    (d)    Driving too fast for conditions;

    (e)    Failing to drive defensively;

    (f)    Failing to maintain control of his vehicle;

    (g)    Operating a commercial motor vehicle in a dangerously fatigued state;

    (h)    Failing to adhere to safe driving principles expected of professional truck drivers with commercial driver's licenses; and

    (i)    Otherwise failing to use that degree of care and caution that a reasonable and prudent person would have exercised under the same or similar circumstances.

33. Defendant Clinton Lee Norman, at the time of the collision at issue in this Complaint, was subject to the laws of the State of New Mexico governing the operation of a motor vehicle on New Mexico's public roadways.

34. Defendant Clinton Lee Norman was negligent *per se* in that he violated laws of the State of New Mexico governing his operation of a motor vehicle on New Mexico's public roadways, including:

    (a)    N.M. STAT ANN. § 66-8-113 (1978): reckless driving; and

    (b)    N.M. STAT. ANN. § 66-8-114 (1978): careless driving.

35. Defendant Clinton Lee Norman, at the time of the collision at issue in this Complaint, was operating a commercial motor vehicle in interstate commerce and was subject to the provisions of 49 CFR §§ 301-399, commonly referred to as the "Federal Motor Carrier Safety Regulations" or "FMCSR."

36. Defendant Clinton Lee Norman's negligent conduct caused the death of Rosemary Becerra. Rosemary Becerra endured serious physical injuries and conscious pain and suffering and mental anguish prior to her death.

37. Pursuant to the New Mexico Wrongful Death Act, N.M. STAT. ANN. § 41-2-1 (1978), *et. seq.*, Daniel Sanchez, as Personal Representative of the Estate of Rosemary Becerra, is entitled, on behalf of the estate and the beneficiaries, David Becerra, Eri Becerra, Karina Becerra and Levi , its full and complete compensation for damages including, but not limited to, the following:

   (a) Reasonable expenses for Rosemary Becerra's necessary medical care and treatment and her funeral and burial expenses;

   (b) Pain and suffering experienced by Rosemary Becerra between the time of Defendant's negligence and her death;

   (c) The lost earnings, the lost earning capacity and the value of the lost contribution to household services of Rosemary Becerra;

   (d) The value of Rosemary Becerra's life apart from her earning capacity;

   (e) Mitigating or aggravating circumstances attending Defendant's negligence; and

   (f) David Becerra's, Eri Becerra's, Karina Becerra's and Levi Becerra's (the beneficiaries of Rosemary Becerra's estate) other expected benefits that have monetary value.

38. Also as a result of the collision, David Becerra has suffered emotional distress caused by the loss of society, guidance, and companionship he enjoyed with Rosemary. Mr. Becerra's claim is set forth separately below.

### COUNT II: IMPUTED NEGLIGENCE OF DEFENDANT REDDY ICE CORPORATION AND THE RESULTING WRONGFUL DEATH OF ROSEMARY BECERRA

39. All preceding statements and allegations of the Complaint are incorporated herein by reference and realleged as if expressly set forth verbatim.

40. Defendant Reddy Ice Corporation owned the tractor-trailer driven by Defendant Clinton Lee Norman at the time of the subject collision.

41. At the time of the subject collision, Defendant Norman was an employee or agent of Defendant Reddy Ice Corporation, serving as a commercial motor vehicle driver.

42. At the time of the subject collision, Defendant Norman was driving a tractor-trailer under dispatch by Defendant Reddy Ice Corporation.

43. At the time of the subject collision, Defendant Norman was acting within the course and scope of his employment or agency with Defendant Reddy Ice Corporation.

44. As Defendant Norman's employer, Defendant Reddy Ice Corporation is legally responsible for the injuries and damages caused by the negligence of Defendant Norman under the doctrine of *respondeat superior* and other principles of agency.

45. By virtue of imputed liability, Plaintiffs are entitled to recover all damages alleged in Count I (Negligence of Defendant Norman and the Resulting Death of Rosemary Becerra), Count IV (Claim for Loss of Consortium on Behalf of David Becerra), Count V (Claim for Loss of Consortium on Behalf of Eri Becerra, Karina Becerra and Levi Becerra), and Count VI (Punitive Damages Against Defendant Clinton Lee Norman) in this Complaint from Defendant Reddy Ice Corporation.

**COUNT III:  INDEPENDENT NEGLIGENCE OF DEFENDANT REDDY ICE CORPORATION AND THE RESULTING WRONGFUL DEATH OF ROSEMARY BECERRA**

46. All preceding statements and allegations of the Complaint are incorporated herein by reference and realleged as if expressly set forth verbatim.

47. Defendant Reddy Ice Corporation was independently negligent in the following ways:

    (a) Negligently hired Defendant Norman when it knew or should have known that he was not a reasonably safe driver;

  (b) Failed to adequately supervise Defendant Norman regarding, among other things, hours of service regulations, work zone safety principles and defensive driving principles; and

  (c) Failed to otherwise implement appropriate safety policies and train and supervise its drivers to be reasonably safe when operating commercial motor vehicles.

48. Defendant Reddy Ice Corporation's negligence is the cause of the collision that resulted in the death of Rosemary Becerra. Rosemary Becerra endured serious physical injuries and conscious pain and suffering and mental anguish prior to her death.

49. Pursuant to the New Mexico Wrongful Death Act, N.M. STAT. ANN. § 41-2-1 (1978), *et seq.,* Daniel Sanchez, as Personal Representative of the Estate of Rosemary Becerra, is entitled to seek on behalf of the Estate and beneficiaries Eri Becerra, Karina Becerra and Levi Becerra, full and complete compensation for damages including, but not limited to, the following:

  (a) Reasonable expenses for Rosemary Becerra's necessary medical care and treatment and her funeral and burial expenses;

  (b) Pain and suffering experienced by Rosemary Becerra between the time of Defendant's negligence and her death;

  (c) The lost earnings, the lost earning capacity and the value of the lost contribution to household services of Rosemary Becerra;

  (d) The value of Rosemary Becerra's life apart from her earning capacity;

  (e) Mitigating or aggravating circumstances attending Defendant's negligence; and

  (f) David Becerra's, Eri Becerra's, Karina Becerra's and Levi Becerra's (the beneficiaries of Rosemary Becerra's estate) other expected benefits that have monetary value.

50. Also as a result of the collision, Eri Becerra, Karina Becerra and Levi Becerra have suffered emotional distress caused by the loss of society, guidance, and companionship they enjoyed with her mother, Rosemary Becerra. Eri Becerra's, Karina Becerra's, and Levi Becerra's claim are separately set forth below.

### COUNT IV:  CLAIM FOR LOSS OF CONSORTIUM ON BEHALF OF DAVID BECERRA

51. All preceding statements and allegations of the Complaint are incorporated herein by reference and realleged as if expressly set forth verbatim.

52. Defendant's negligence caused the death of Rosemary Becerra.

53. Rosemary Becerra was David Becerra's wife.  David Becerra and Rosemary Becerra were mutually dependent on each other.  They provided emotional and physical support for each other and were dependant, emotionally and physically, on each other.

### COUNT V:  CLAIM FOR LOSS OF CONSORTIUM ON BEHALF OF ERI BECERRA, KARINA BECERRA AND LEVI BECERRA

54. All preceding statements and allegations of the Complaint are incorporated herein by reference and realleged as if expressly set forth verbatim.

55. Defendant's negligence caused the death of Rosemary Becerra.

56. Rosemary Becerra was Eri, Karina and Levi Becerra's mother.  Rosemary Becerra provided emotional and physical support for them, and they were dependent, emotionally and physically, on each other.  The closeness of the relationship is further demonstrated in that Eri, Karina and Levi were financially dependent on their mother.

57. The relationship that Eri, Karina and Levi had with their mother, Rosemary Becerra, was intimate, interdependent, and functionally intertwined.

58. As a result of Defendant's negligence, and the death of Rosemary Becerra, Eri, Karina and Levi Becerra have suffered emotional distress caused by the loss of society, guidance and companionship they enjoyed with their mother.

59. Pursuant to the laws of New Mexico, Eri, Karina and Levi Becerra are entitled to seek full and complete compensation for loss of consortium damages resulting from Rosemary Becerra's death, including, but not limited to, the following:

    (a) The emotional suffering that the loss caused Eri, Karina and Levi Becerra;

    (b) The value of the counseling, affection, intimacy and care that flowed to Eri, Karina and Levi Becerra from the negligently lost relationship between mother and children;

    (c) The reasonable and likely economic benefit to Eri, Karina and Levi for any economic benefit from the relationship; and

    (d) Any other loss to Eri, Karina and Levi for actual and tangible benefits of the relationship lost due to the negligence of Defendants.

**COUNT VI:  PUNITIVE DAMAGES AGAINST DEFENDANT CLINTON LEE NORMAN**

60. All preceding statements and allegations of the Complaint are incorporated herein by reference and realleged as if expressly set forth verbatim.

61. Pursuant to the wrongful death statute, N.M. STAT. ANN. §41-2-1 (1978), *et. seq.,* punitive damages may be awarded as deemed fair and just.

62. Defendant Norman's conduct in driving recklessly, carelessly, being over hours, and in failing to keep a proper and diligent lookout while operating a commercial motor vehicle was willful, wanton, malicious, reckless, and in bad faith.  Such failures demonstrate a conscious indifference to the consequences and make the award of punitive damages appropriate.

**COUNT VII:  PUNITIVE DAMAGES AGAINST DEFENDANT REDDY ICE CORPORATION**

63. All preceding statements and allegations of the Complaint are incorporated herein by reference and realleged as if expressly set forth verbatim.

64. Pursuant to the wrongful death statute, N.M. STAT. ANN. §41-2-1 (1978), *et. seq.,* punitive damages may be awarded as deemed fair and just.

65. Defendant Reddy Ice Corporation's failure to adequately train and supervise Defendant Norman and failure to have and implement appropriate safety policies and procedures, and in recklessly entrusting its vehicle to Clinton Lee Norman, were willful, wanton, malicious, reckless, and in bad faith.  Such failures demonstrate a conscious indifference to the consequences and make the award of punitive damages appropriate.

**WHEREFORE,** Plaintiffs pray for judgment against the Defendants, jointly and severally, for an amount to be ascertained by a jury at the trial of this action, and both pre-judgment and post-judgment interest, and for such other and further relief, in law or in equity, as this Court may deem just and proper.

RESPECTFULLY SUBMITTED:

*ELECTRONICALLY SIGNED BY:*

*/S/ DAVID DUHIGG*
DAVID DUHIGG
DUHIGG, CRONIN, SPRING & BERLIN, P.A.
P. O. BOX 527
ALBUQUERQUE, NM 87102
(505) 243-3751
(505) 246-9797 (FAX)

*/S/ MARK CARRIGAN*
MARK CARRIGAN
CARRIGAN, MCCLOSKEY & ROBERSON, LLC
945 HEIGHTS BOULEVARD
HOUSTON, TX 77008-6911
(713) 868-5581
(713) 868-1275 (FAX)


*/S/ R. ERIC LOPEZ*
R.E. LOPEZ & ASSOCIATES, P.C.
2600 AVENUE K – SUITE 140
PLANO, TX 75074
(469) 209-7727
(888) 601-4934 (FAX)

## STATEMENT CONCERNING LOCAL RULE 83.3

DAVID DUHIGG ENTERS HIS APPEARANCE HEREIN AS THE FIRST ATTORNEY OF RECORD FOR THIS CASE. DAVID DUHIGG IS LICENSED IN THE UNITED STATES DISTRICT COURT OF NEW MEXICO. HIS INITIAL APPEARANCE IS PURSUANT TO LOCAL RULE (REQUIRING LOCAL COUNSEL TO SIGN THE FIRST PLEADING).

MR. DUHIGG HEREBY CERTIFIES THAT THE TWO ATTORNEYS LISTED HEREIN BELOW ARE MEMBERS IN GOOD STANDING OF THE BAR OF THE STATE OF TEXAS. THEREFORE, THE FOLLOWING COUNSEL SHOULD BE CONSIDERED COUNSEL HEREIN, PRO HAC VICE, PURSUANT TO THE LOCAL RULE 83.3:

Mark Carrigan
[A member in good standing of the
Bar of the State of Texas]
Carrigan, McCloskey & Roberson, LLC
945 Heights Boulevard
Houston, TX 77008-6911
(713) 868-5581
(713) 868-1275 (fax)
mcarrigan@cmrllp.com

R. Eric Lopez
[A member in good standing of the
Bar of the State of Texas]
R. E. Lopez & Associates, P.C.
2600 Avenue K - Suite 140
Plano, TX 75074
(469) 209-7727
(888) 601-4934 (fax)
elopez@northtxlaw.com


So Certified:

*Electronically signed by:*
*/s/ David Duhigg*